# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RAHEEM CALIQUE WILLOUGHBY,**

    **Plaintiff,**

    v.

**STEPHEN J. HARGER,** *et al.*,

    **Defendants.**

Civil Action 2:20-cv-620
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Raheem Calique Willoughby, an inmate at Pickaway County Jail who is proceeding without the assistance of counsel, brings this action asserting a variety of unrelated claims against the following seven defendants: Deputy Stephen Harger, an officer with the Pickaway County Sheriff's Department; Kathryn Janes, his court-appointed attorney; Jayme Fountain, Pickaway County Assistant Prosecutor; Judy Wolford, Pickaway County Prosecuting Attorney; Deputy John Schleich, an officer with the Pickaway County Sheriff's Department; James Dean, the Clerk of Court at Pickaway County Common Pleas Court; and Robert Radcliff, the Pickaway County Sheriff.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he currently possesses only $7.40 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate Id Number 20190799) at Pickaway County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of

Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against Defendant Officer Harger pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted. In addition, the Court **SEVERS** Plaintiff's claims against the remaining Defendants and **DISMISSES** those claims **WITHOUT PREJUDICE** as set forth herein.

**I.**

As set forth above, Plaintiff has named seven defendants. For his first claim, Plaintiff names Defendant Stephen Harger, a deputy with the Pickaway County Sheriff's Department, in his "official capacity," (Compl. 2, ECF No. 1-1 at PAGEID # 11), alleging that on May 4, 2019, Deputy Harger unlawfully frisked him in violation of the Fourth Amendment to the United States Constitution.

The remainder of Plaintiff's Complaint advances completely unrelated claims against a variety of Defendants, all of which occurred at different times and locations and none of which arise out of the same transaction, occurrence, or series of transactions or occurrences as the May 4, 2019 incident involving Defendant Harger. For example, Plaintiff next alleges that on June 14, 2019, Defendant Schleich, an employee with the Pickaway County Jail, violated his constitutional rights when he failed to file criminal charges at Plaintiff's request. Plaintiff then names his court-appointed attorney, two Pickaway County prosecutors, the Pickaway County Sheriff, and the clerk of court for the Pickaway County Common Pleas Court as Defendants,

3

alleging that they all played various roles to ensure that Defendant Harger was not prosecuted for a sex crime. Plaintiff appears to maintain that prosecution of Defendant Harger would result in his release from incarceration.

Plaintiff alleges that he suffers from post-traumatic stress disorder as a result of Defendants' actions and seeks a Court Order requiring that his criminal case be tried in another court, that the prosecutor and judge assigned to the case recuse, and that he be appointed new counsel. Plaintiff also requests $2 million in damages.

## II.

**A.     Misjoinder and Severance of Claims**

Federal Rule of Civil Procedure 20, which governs persons who may be joined in one action, provides in pertinent part as follows:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). This means that a plaintiff may not "combine into one lawsuit unrelated claims against different defendants." *Robinson v. Rodarte*, 2017 WL 1017929, at *2 (E.D. Mich. Feb. 6, 2017), report and recommendation adopted at 2017 WL 994350 (E.D. Mich. Mar. 15, 2017). In the context of claims brought by inmates, the United States Court of Appeals of the Seventh Circuit has also observed that, "[u]nrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 506 (7th Cir. 2007)

(citing 28 U.S.C. § 1915(g)).

Federal Rule of Civil Procedure 21 provides the remedy for such misjoinder and states as follows:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. "Where parties have been misjoined, a district court may drop a party or sever a claim against a party, but may not dismiss the action on that basis." *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017); *see also Cage v. Mich.*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) (citing Fed. R. Civ. P. 21) ("[T]he proper remedy for such misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice."); *Prince v. Elum*, No. 12-15526 (E.D. Mich. Jan. 14, 2013) (*sua sponte* severing and dismissing claims without prejudice under Rule 21 in prisoner civil rights case for misjoinder).

This case presents a classic example of misjoinder given that Plaintiff's advances very different claims against Defendant Harger and the remaining defendants. Specifically, the claim Plaintiff advances against Defendant Harger does not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims Plaintiff asserts against the other Defendants. In accordance with Rule 21, this action will proceed solely against Defendant Harger, and Plaintiff's claims against the remaining Defendants are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing a separate complaint against these Defendants in a separate action. Accordingly, the Clerk is **DIRECTED** to **TERMINATE** Defendants Janes, Fountain, Wolford, Schleich, Dean, and Radcliff as parties in this action. The undersigned finds this result to be more just than directing the Clerk to automatically open cases

for the severed claims (which likewise appear to lack merit) because this approach allows Plaintiff the opportunity to consider whether he would like to pursue separate actions, which could subject him to paying additional filing fees. *See* 28 U.S.C. § 1915(b)(1).

**B.     Review of Claim against Defendant Harger under 28 U.S.C. §§ 1915(e)(2) and 1915A**

    **1.     Standard of review**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     \*    \*    \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

6

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520

(1972).

### 2. Application

According to the Complaint, Defendant Harger initiated a traffic stop on May 4, 2019. Plaintiff alleges that Defendant Harger "performed a protective Terry Frisk in a direct violation of [his] 4th Amendment Constitutional Right." (Pl's Compl. 4, ECF No. 1-1 at PAGEID # 13.) Plaintiff generally alleges that the scope "extended beyond the scope of standardized accepted practices and Constitutional Law," adding that Defendant Harger "groped [his] penis and anus in a sexual manner." (*Id*.) Plaintiff alleges that as a result, he has suffered psychological distress. Plaintiff indicates that he is suing Defendant Harger in his official capacity. (*Id*. at PAGEID ## 11, 13.)

A claim against Defendant Harger in his official capacity is a claim against Pickaway County. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. . . . [A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (internal quotation marks and citations omitted). Counties may be sued under 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). Because Plaintiff's Complaint fails to contain allegations upon which this Court could rely to conclude that his constitutional rights were violated as a result of a Pickaway County ordinance, policy, or regulation, it is recommended that his official-capacity claim against Defendant Harger be **DISMISSED** pursuant to § 1915(e)(2).

The undersigned notes that permitting Plaintiff to amend his Complaint to name Defendant Harger in his individual capacity would be futile. The Fourth Amendment to the United States Constitution protects individuals "against unreasonable searches and seizures." U.S. Const. Amend. IV; *Terry v. Ohio*, 392 U.S. 1, 9 (1968). Here, as best as the Court can discern, Plaintiff is alleging that Defendant Harger performed a pat-down frisk or search following a traffic stop. An officer who has made a lawful stop may conduct a pat-down search or frisk if he or she can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id*. at 21. Here, Plaintiff's allegations of misconduct are vague and conclusory. For example, the Court is unable to discern the context for the search or the other relevant circumstances such that Plaintiff's apparent contention that Defendant Harger's search amounted to an unconstitutional sexual assault constitutes an unsupported legal conclusion. *See, e.g., Long v. Henry Cty. Jail*, No. 1:17-cv-1141, 2018 WL 4839088, at *2 (W.D. Tenn. Oct. 4, 2018) (dismissing fourth amendment claim pursuant to § 1915(e) where the plaintiff alleged the officer sexually assaulted him by digitally penetrating his anus, but failed to provide sufficient context for the search in his complaint); *see also*, *Brown v. City of Grand Rapids*, No. 1:13-cv-964, 2016 WL 4920144, at *6 (W.D. Mich. June 13, 2016) (rejecting the plaintiff's characterization of a pat down search as a sexual assault explaining that "[a] police officer's 'stop and frisk' is by definition thorough," and includes "'[a] thorough search . . . [of] the groin and area about the testicles . . .'" and pointing out that "the allegation that an officer 'grabbed [the subject's] privates and squeezed them really hard' is insufficient to state a constitutional claim" (quoting *Terry*, 392 U.S. at 17 n. 13 and citing *Tuttle v. Carroll Cnty. Det. Center*, 500 F. App'x 480 (6th Cir. 2012)); *cf. Solomon v. Mich. Dep't of Corrs.*, 478 F. App'x 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact

9

during pat-down searches, including touching and squeezing the subject's penis and pressing an erect penis into his buttocks, do not rise to the level of a constitutional violation).

## III.

Plaintiff's motion seeking leave to proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) In addition, Plaintiff's claims against Defendants Janes, Fountain, Wolford, Schleich, Dean, and Radcliff are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing a separate complaint against these Defendants in a separate action, and the Clerk is therefore **DIRECTED** to **TERMINATE** these Defendants. Finally, it is **RECOMMENDED** that Plaintiff's claim against Defendant Harger be **DISMISSED** pursuant to § 1915(e)(2).

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

>  /s/ *Chelsey M. Vascura*
>  CHELSEY M. VASCURA
>  UNITED STATES MAGISTRATE JUDGE