IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raheem Calique Willoughby,

    Plaintiff,

  v.                          Case No. 2:20-cv-620

Stephen J. Harger,
et al.,

    Defendants.

### ORDER

Plaintiff Raheem Calique Willoughby, an inmate incarcerated at the Pickaway County Jail who is proceeding without the assistance of counsel, filed this civil rights action under 42 U.S.C. §1983 against seven defendants: Deputy Stephen Harger of the Pickaway County Sheriff's Department; Kathryn Janes, plaintiff's court-appointed attorney in state criminal proceedings; Pickaway County Assistant Prosecutor Jayme Fountain; Pickaway County Prosecuting Attorney Judy Wolford; Deputy John Schleich of the Pickaway County Sheriff's Department; James Dean, Clerk of the Pickaway County Common Pleas Court; and Pickaway County Sheriff Robert Radcliff. Plaintiff alleged that Deputy Harger inappropriately touched him in a sexual manner while performing a frisk under Terry v. Ohio, 392 U.S. 1 (1968), in violation of his Fourth Amendment rights. In regard to the other defendants, plaintiff alleged that Deputy Schleich did not accept the sex crime charges that plaintiff attempted to file against Deputy Harger; that Prosecuting Attorney Wolford and Assistant Prosecutor Fountain failed to prosecute Deputy Harger for a sex crime; that Attorney Janes failed to report the alleged sex crime; and that Sheriff Radcliff failed to order any type of investigation of Deputy Harger. Plaintiff also alleged

that defendants Janes, Fountain, Wolford, Dean, and Radcliff engaged in various unconstitutional acts in connection with plaintiff's criminal case in state court.

On February 13, 2020, the magistrate judge filed an order and report and recommendation. The magistrate judge concluded that the claims against defendants Schleich, Janes, Fountain, Wolford, Dean, and Radcliff did not arise out of the same transaction, occurrence, or series of transactions or occurrences, as the claim against Deputy Harger. See Fed. R. Civ. P. 20. The magistrate judge ordered that the claims against these six defendants be severed and dismissed without prejudice pursuant to Fed. R. Civ. P. 21.

In regard to the claim against Deputy Harger, the magistrate judge conducted an initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1).

Noting that Deputy Harger was named as a defendant in his official capacity, the magistrate judge found that the complaint failed to allege the existence of a Pickaway County ordinance, policy or regulation which would support an official capacity claim. The magistrate judge also concluded that even if the complaint were amended to assert a claim against Harger in his individual capacity, plaintiff failed to allege facts which would support a claim of inappropriate physical contact violating the Fourth Amendment. The magistrate judge recommended that the claim

against Deputy Harger be dismissed.

This matter is before the court for consideration of plaintiff's objections (Docs. 4 and 5) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive

a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

The court agrees with the magistrate judge that the complaint does not assert a viable claim against Deputy Harger in his official capacity, as it is not alleged that Deputy Harger acted pursuant to a Pickaway County ordinance or policy. Plaintiff has moved to amend his complaint to assert a claim against Deputy Harger in his individual capacity. However, a motion to amend a complaint should be denied if the amendment would be futile. Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010). Because amending the complaint to allege an individual capacity claim would be futile, plaintiff's motion for leave to amend his complaint to assert an individual capacity claim against Deputy Harger is denied.

In Terry, the Supreme Court described the standard pat-down frisk for weapons: "[T]he officer must feel with sensitive fingers every portion of the prisoner's arms and armpits, waistline and back, the groin area about the testicles, and entire surface of the legs down to the feet." Terry, 392 U.S. at 17, n. 13 (citations omitted). The genital area is a place where a weapon can be concealed. See United States v. Hopes, 286 F.3d 788, 788-90 (5th Cir. 2002)(upholding a Terry frisk during which a loaded gun was found in defendant's crotch area). Plaintiff alleged in his complaint that Deputy Harger "groped Plaintiff's penis and anus in a sexual manner" during a Terry frisk. Doc. 2, Para. 2. This allegation is insufficient to allege an inappropriate Terry pat-

4

down frisk.  See Long v. Henry County Jail, No. 1:17-cv-01141-JDB-cgc, 2018 WL 4839088, at *2 (W.D. Tenn. October 4, 2018)(with no factual context, plaintiff's "statement that the search amounted to sexual assault or harassment is a mere conclusion of law"); Brown v. City of Grand Rapids, 1:13-cv-964, 2016 WL 4920144, at *4-6 (W.D. Mich. June 13, 2016)(rejecting plaintiff's characterization of a pat-down frisk as a sexual assault, noting that allegations that officer searched around plaintiff's testicles and "squeezed them really hard" were insufficient to state a constitutional claim).  See also United States v. Stennis, 457 F. App'x 494, 501 (6th Cir. 2012)(frisk of groin and upper legs was within the proper scope of a frisk authorized under Terry).

Plaintiff has submitted new arguments and documents with his objections.  Plaintiff may not offer evidence for the first time in an objection which was never presented to or considered by the magistrate judge.  Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).  Plaintiff refers for the first time to the issue of whether the Terry stop itself was valid, and seeks to contest the state court's ruling holding that the evidence obtained during the stop was admissible.  These arguments go beyond the claim against Deputy Harger, which relates solely to the manner in which the pat-down frisk was conducted.  The court also notes that even if Deputy Harger's report, attached to the objections, is considered, it does not demonstrate that the pat-down frisk exceeded the bounds established by Terry.  The court agrees with the magistrate judge that plaintiff's allegations against Deputy Harger do not rise to the level of a Fourth Amendment violation, and that the claim against Deputy Harger must be dismissed.

5

In his objections, plaintiff has also moved for an order that he be provided with transcripts of his state court criminal proceedings, an order directing the state court prosecutors and trial judge to recuse themselves from his state criminal case, and an order granting a change of venue in his criminal case. This court has no jurisdiction over the state court criminal proceedings against plaintiff, and these motions are denied.

In accordance with the foregoing, the court adopts the report and recommendation (Doc. 3). The claim against Deputy Harger is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. The clerk shall enter judgement dismissing this case.

Date: March 12, 2020             s/James L. Graham
                                 James L. Graham
                                 United States District Judge